USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -*against*-

MANUEL RIVERA

        *Defendant.*

------------------------------------------------------------X

78 Cr. 640 (PAC)

**ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Manuel Rivera, *pro se*, filed a motion requesting a correction and reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35(a). The Honorable Kevin T. Duffy, now retired, sentenced Rivera on May 3, 1979 for offenses committed under 21 U.S.C. § 841. The court imposed a sentence of 15 years to be served consecutive to a state sentence Rivera was then serving. The court also placed Rivera on special parole for a term of life to commence upon expiration of confinement. Rivera requests correction and reduction of his sentence based upon the pre-amended version of Rule 35(a) applicable to offenses committed prior to November 1, 1987, which provides: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence." *United States v. Lika*, 344 F.3d 150, 153 (2d Cir. 2003). "An illegal sentence for purposes of Rule 35 is one in excess of a statutory provision or otherwise contrary to the applicable statute." *United States v. Huss*, 520 F.2d 598, 602 (2d Cir. 1975). Rivera argues that his conviction was illegal because at the time of the commission of his offenses in 1976, 21 U.S.C. § 841 "did not have as a penalty provision the imposition of lifetime special parole."

Every circuit court of appeals to analyze the statute as it existed in 1976, however, has concluded that it authorized a maximum special parole term of life. *See United States v. Walden*, 578 F.2d 966, 972 (3d Cir. 1978), *cert. denied*, 444 U.S. 849 (1979); *United States v. Jones*, 540 F.2d 465, 468-69 (10th Cir. 1976), *cert denied*, 429 U.S. 1101 (1977); *United States v. Rivera-Marquez*, 519 F.2d 1227, 1228 (9th Cir. 1975), *cert. denied*, 423 U.S. 949 (1975); *United States v. Rich*, 518 F.2d 980, 987 (8th Cir. 1975), cert. denied, 427 U.S. 907 (1976); *see also Walberg v. United States*, 763 F.2d 143, 148-49 (2d Cir. 1985) (citing these cases approvingly when holding that amended version of 21 U.S.C. § 841 authorizes the imposition of lifetime special parole). Therefore, the imposition of a lifetime term of special parole under 21 U.S.C. § 841 as it existed in 1976 was not illegal, and the Court denies Rivera's motion.

Dated: New York, New York
July 25, 2018

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy mailed to:

Manuel Rivera
Fed. Reg. No. 19639-054
FCI Ft. Dix
P.O. Box 2000
Joint Base MDL, NJ
08640