UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-30-2020

------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                        78 Cr. 640 (PAC)

       -*against*-

                                          **OPINION & ORDER**

MANUEL RIVERA

                 *Defendant.*

------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Manuel Rivera, *pro se*, moves for reconsideration of his motion for correction of his

sentence pursuant to the pre-amended version of Federal Rule of Criminal Procedure 35(a). He

seeks relief from a lifetime term of special parole[1] that was imposed when he was sentenced in

1979. Rivera argued in his initial motion, which was denied by this Court, that he had been

sentenced under 21 U.S.C. § 841. In the present motion, he makes clear that he was in fact

sentenced under 21 U.S.C. § 846. The Government agrees with Rivera that the imposition of

special parole for a conviction under 21 U.S.C. § 846 was illegal when the sentence was

imposed. The motion for correction of Rivera's sentence vacating the imposition of special

lifetime parole is GRANTED.

---

[1] Special parole, a species of punishment now extinct in the federal system, "was created in 1970 as 'an additional penalty for all drug offenses and was mandatory in all such cases until the Sentencing Reform Act [of 1984 and its subsequent amendments] replaced it with 'supervised release.'" *United States v. Cuero-Flores*, 276 F.3d 113, 116 (2d Cir. 2002) (quoting *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001)). *See also United States v. Rivera*, 376 F.3d 86, 89 (2d Cir. 2004) (describing special parole as "the predecessor of supervised release").

## DISCUSSION

Rivera was indicted in 1978 in connection with a drug conspiracy, convicted by a jury, and sentenced in May 1979 to a term of 15 years imprisonment followed by a special parole term of life. Dkt. 15, at 1. The indictment under which Rivera and his co-defendants were charged had two counts. *Id.* Rivera was charged only under the first of these, for violating 21 U.S.C. § 846, the conspiracy statute. *Id.*; Dkt. 15, Attach. 1, at 1–2. Only one of the defendants indicted with Rivera was charged under Count Two, the substantive violation of the narcotics statute. Dkt. 15, at 1; Dkt. 15, Attach. 1, at 13. Rivera is now 72 years old, and states that, between this and other sentences, he has spent more than 40 years of his life in prison.[2] Dkt. 11, at 3.

Rivera's offense was committed before November 1, 1987, and so he seeks correction of his sentence pursuant to the pre-amended version of Rule 35(a),[3] which provided that "'[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence.'" *United States v. Lika*, 344 F.3d 150, 152 (2d Cir. 2003). "The district court under Rule 35 . . . has the power to correct an illegal sentence at any time." *United States v. Huss*, 520 F.2d 598, 602 (2d Cir. 1975). "An illegal sentence for purposes of Rule 35 is one in excess of a statutory provision or otherwise contrary to the applicable statute." *Id.*

---

[2] In an earlier motion brought under 18 U.S.C. § 3582(c)(2) and dated July 27, 2015, the Defendant wrote that he had just commenced the federal sentence imposed in 1979 after spending 39 years in New York State prison. Dkt. 4, at 3; Dkt. 5.

[3] The amended version of Rule 35(a) now in force allows for relief in considerably narrower circumstances. *See* Fed. R. Crim. P. 35(a). The amended version of Rule 35, however, "was expressly made applicable only to offenses committed on or after November 1, 1987." *United States v. Williams*, 463 F. App'x 743, 747 (10th Cir. 2012). "A motion to correct an illegal sentence under old Rule 35(a) can be brought at any time." *Id.* at 748.

Rivera's motion now before the Court is styled as a motion for reconsideration, and, generally speaking, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). This is not an ordinary motion for reconsideration, however, and Rivera is a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that filings by *pro se* litigants are subject to "'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Irvin v. Harris*, 944 F.3d 63, 68 (2d Cir. 2019); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest.*'") (emphasis in original). Accordingly, and because the Defendant does not challenge the reasoning of the Court's prior Order, the Court construes Rivera's present motion as one brought under the pre-amended version of Rule 35(a) in the first instance.

In his first motion to correct or reduce his sentence, dated June 22, 2018, Rivera (mistakenly) stated that he had been sentenced under 21 U.S.C. § 841, and argued that the imposition of special lifetime parole was impermissible under that statute. Dkt. 11, at 2. This Court, reviewing the applicable law, correctly concluded that "[e]very circuit court of appeals to analyze [21 U.S.C. § 841] as it existed in 1976 . . . has concluded that it authorized a maximum special parole term of life," and denied Rivera's motion. Dkt. 13, at 2.

In his motion dated October 26, 2018, which the Court now considers, Rivera explains that his "prior motion was erroneously and improperly argued with a focus on [21 U.S.C. § 841] rather than the relevant offense of conviction of [21 U.S.C. § 846]." Dkt. 14, at 1. As to Rivera's new motion, the Defendant, the Government, and the law are all in agreement. The

3

Supreme Court decided in *Bifulco v. United States*, 447 U.S. 381, 400–01 (1980) that a conviction under 21 U.S.C. § 846 did not permit imposition of special parole.[4] *See also United States v. Rodriguez*, 951 F.2d 26, 27 (2d Cir. 1991) (observing that in *Bifulco* "the Supreme Court held that section 846 did not authorize special parole, the predecessor of supervised release"); *United States v. Grammatikos*, 633 F.2d 1013, 1025 (2d Cir. 1980) ("[T]he Supreme Court held that the drug distribution conspiracy statute does not authorize the imposition of a special parole term."). It is clear that Rivera's special parole term was "in excess of a statutory provision" when it was imposed, and that it therefore constitutes an "illegal sentence" amenable to correction under the applicable version of Rule 35. *Huss*, 520 F.2d at 602.

As the Government cogently explains in its December 27, 2019 letter, Dkt. 15, at 2, supporting Rivera's motion, the law at the time of Rivera's sentencing presented "the following anomaly: For conduct occurring before November 15, 1988, a person convicted of narcotics conspiracy under Section 846 could not be sentenced under Section 841(b)(1)(B) to a term of supervised release [or its predecessor, special parole], while one convicted of the corresponding substantive offense under Section 841 could." *United States v. Melendez*, 996 F.2d 605, 606 (2d Cir. 1993) (per curiam) (citing *Bifulco*, 447 U.S. at 390)).

---

[4] At the time of the Defendant's sentencing, 21 U.S.C. § 846 permitted punishment "by imprisonment or fine or both." *Bifulco*, 447 U.S. at 383. 21 U.S.C. § 841, by contrast, authorized penalties of "imprisonment, fines, and, in some instances, mandatory minimum terms of special parole." *Id.* Even at the time *Bifulco* was decided, a year after Rivera's sentencing, special parole was recognized as a "harsh sanction[]" due to the "unlimited maximum length of its term and the grave consequences attending its revocation." *Bifulco*, 447 U.S. at 399. These consequences are realized when a term of special parole is violated, and "the original term of imprisonment is increased by the period of the special parole term." *Santos-Reyes v. United States*, 727 F. Supp. 111, 111 n. 1 (S.D.N.Y. 1989).

This Court has found cases in the wake of *Bifulco* vacating terms of special parole imposed on defendants convicted under 21 U.S.C. § 846. *See Rousan v. United States*, 668 F.2d 1006, 1006 (8th Cir. 1982) (per curiam); *United States v. Kennington*, 650 F.2d 544, 546 (5th Cir. 1981); *United States v. Escobar Noble*, 653 F.2d 34, 37 (1st Cir. 1981). None of these are of recent vintage—unsurprising when one considers how few individuals will be in the position of the Defendant, who challenges an illegal sentence imposed more than 40 years ago.

## CONCLUSION

The Court therefore GRANTS the Defendant's motion for a correction of his sentence pursuant to the pre-amended version of Rule 35(a), vacating the imposition of a special term of lifetime parole. All other terms of the original sentence will remain the same. The Clerk of Court is directed to close the motion at Docket 14.

Dated: New York, New York  
      January 30, 2020

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

Copy mailed to:

Manuel Rivera  
Fed. Reg. No. 19639-054  
FCI Ft. Dix  
P.O. Box 2000  
Joint Base MDL, NJ  
08640